IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO:

JOYCE ZIDELL, by and through her
Power of Attorney JAMIE H. ZIDELL,
And JAMIE H. ZIDELL, individually,

    Plaintiffs,

vs.

MICHAEL ZIDELL, JEFFREY S. ZIDELL,
LISA H. ZIDELL, and HOLLYE I. ZIDELL,

    Defendants.

_____/

**COMPLAINT FOR ABUSE AND EXPLOITATION OF THE ELDERLY, CIVIL REMEDY EXPLOITATION OF AN ELDERLY PERSON, BREACH OF FIDUCIARY DUTY, INTENTIONAL INFLICTIONAL OF EMOTIONAL DISTRESS, UNJUST ENRICHMENT, UNLAWFUL CONVERSION AND VIOLATION OF PRIVACY**

  Plaintiffs, JOYCE ZIDELL by and through her Power of Attorney JAMIE H. ZIDELL, and JAMIE H. ZIDELL, individually, through undersigned counsel, files this Complaint against Defendants, MICHAEL ZIDELL,, an individual, and JEFFREY S. ZIDELL, an individual, and LISA H. ZIDELL, an individual, and HOLLYE I. ZIDELL, an individual ("Four Adult Children"), and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff demands a Jury Trial on all Counts

2. Plaintiff requests that this matter be advanced on the trial docket pursuant to F.S. 772.11(5) due to the Plaintiff's advanced age and/or infirmities.

3. This is an action that involves an amount in excess of $15,000.00 exclusive of attorneys' fees, interest, and costs.

4. The Plaintiff is 84 years old (the prior "Ward") who is a resident of Miami-Dade County, Florida, at the time that this dispute arose and is otherwise *sui juris*.

5. The individual Defendant Jeffrey Zidell ("Jeffrey") who visited Miami-Dade County and is one of three executors to the Estate of Allen Zidell.

6. During the relevant time period the individual Defendant Michael Zidell ("Michael") resides in Texas but was located in Miami-Dade County when several of the acts/omissions took place as stated herein and is one of three conservators to the estate.

7. During the relevant time period the individual Defendant Lisa H. Zidell ("Lisa") resides in Texas but was located in Miami-Dade County when several of the acts/omissions took place as stated herein and is one of three conservators to the estate.

8. During the relevant time period the individual Defendant Hollye I. Zidell (Hollye") resides in Texas but was located in Miami-Dade County when several of the acts/omissions took place as stated herein and is one of three conservators to the estate

9. The parties committed tortuous and statutorily violative acts against the Plaintiff while in Miami, Florida, thus subjecting themselves to the personal jurisdiction of this court.

10. Venue in Miami-Dade County, Florida is proper pursuant to Section 47.011, Florida Statutes.

11. All conditions precedent necessary to the maintenance of this action have been satisfied, complied with or waived.

## GENERAL ALLEGATIONS

12. Plaintiff is an elderly lady and was a Ward (the "Ward") of a Florida Guardianship from 2003 through October 2018. Jamie H. Zidell was her legal Guardian for the entire time period.

13. Guardian Jamie H. Zidell paid for Ward's living expenses during this period, and the vast

majority was reimbursed by Ward's late husband Allen Zidell who passed on May 10, 2016. Thereafter, the Guardian sought reimbursement from Adult Children each month after submitting an invoice for reimbursement. Reimbursement came from Ward's assets in Dallas, Texas. The reimbursement requests were processed through Michael Zidell who is an executor of the Estate of Allen Zidell.

14.     On or about January, 2017 Jeffrey and Michael, as executors of Ward's late husband's estate and with consent and support from Lisa and Hollye, arbitrarily cut off all reimbursements to Guardian for a period of 18 months until August, 2018. This action was intimidating to Ward as it threatened the deprivation of her shelter and financial support. During this time, Ward's personal and living and employee expenses were paid for by Guardian out of pocket, were never repaid to date, which caused Ward much mental distress. The Adult Children, through Michael and his counsel, were served with a probate Order requiring the deposit of said funds into Guardianship's account on or about June 2016 but Jeffrey and Michael refused to do so.

15.     On or about June, 2017, and February, 2018, Guardian and Ward through her counsel moved twice to have ward's rights restored, and Four Adult Children opposed through intimidation and with counsel both times, causing Plaintiff great mental anguish and significant costs and attorney's fees until Plaintiffs rights were eventually fully restored in 2018.

16.     On or about July 2017 and January 2018 Guardian moved twice to purchase a condominium for Ward pursuant to Ward's wishes, decisions vexatiously opposed by Four Adult Children, resulting in Ward's mental anguish until the probate court eventually ordered that the condominium be purchased for Ward in October 2018 over the strong objections lodged by the Ward's Four Adult Children.

17.     Pursuant to additional litigation with Adult Children, said Adult Children refused to partition Ward's property out of state which constrained Guardian to hire counsel to enforce the partition action and the division of ward's liquid and non-liquid assets from family business.

18.     The full cost in attorney's fees Ward was forced to spend preventing the removal of her Guardian, obtaining her independent rights, obtaining permission to purchase the condominium, enforcing the partition order and contesting her annual budget was in excess of $350,000 and ongoing.

19.     On or about May 9, 2016, adult child Michael gifted away without Guardianship court approval an asset that constituted 3% of ward's interest in a business corporation that was worth over $250,000 and failed to reimburse Ward for her loss after repeated demands from the Guardian to do so from the time the inequity was discovered in September 2016 to the present.

20.     Then, between September 2016 through January 20, 2019 Four Adult Children took for themselves pieces of Ward's fine China, Lladro, Porcelain, silver serving ware and Steuben glassware and refused to return said items despite repeated demands to do so. They removed these items from Ward's home in Dallas, Texas, negligently, without Ward's nor Guardian's knowledge and against Ward's wishes. The estimated value of the stolen property is approximately $300,000.

21.     On or about December 2017 and March 2018, all Four Adult Children personally came to Miami due to the probate litigation that they instituted to remove the Ward's Guardian ongoing at that time, and visited Ward after many years in order to try and remove her Guardian. They secretly videotaped and recorded Ward at her residence in south Florida while intimidating her in an effort to have her state that she wanted to move out of Florida and wanted to be Ward of the Four Adult Children. All recordings were against Ward's wishes, without her permission and in violation of Florida law, and she demanded that her adult children immediately desist from said activity when

she realized the illegal taping, causing the Ward great humiliation and embarrassment. *See* Fla. Stat. § 934.03 (under this law, oral, electronic, and wire communications generally are deemed private, unless both parties consent, and cannot be recorded, absent a specific statutory exception).

22. Ever since the passing of Ward's late husband on May 10th, 2016, the four Adult Children conspired predominantly by phone until December 2017 and March 2018 as described above to convince Ward to move back to Dallas Texas and for them to be her co-guardian in place of her then current Guardian who served from 2003 through October 2018, without incident, until Ward's rights were fully restored in October 2018. From September 2016 through October 2018 the Four Adult Children constantly attempted to convince Ward that they missed their mother and felt orphaned after the passing of Ward's late husband, all part of their plot to control and conserve Ward's spending of her assets so that the adult four children would have more of Ward's assets for themselves as an inheritance. During the time of the Guardianship until her rights were restored in October 2018, the adult children were to get equal shares of Ward's assets pursuant to Ward's will that had been executed in 1997 by the Ward before the Guardianship came to be.

23. Immediately after Ward's rights were restored in October 2018, she purchased her condominium pursuant to Probate Court Order in November 2018. In December 2018, Adult Child Jeffrey wrote and delivered to Ward a nasty, cruel and intimidating letter accusing her of being an inferior mother while, contemporaneously, Adult Child Michael, with the approval of the other three Defendants, filed a false report with the State of Florida Elder Abuse Department - since dismissed - accusing Guardian of egregious acts of financial fraud against Ward. Since shortly after restoration of Ward's rights to the filing of this action, the four Adult Children have virtually cut off all communications with Ward, demonstrating that they only wanted her return to Dallas during the guardianship for solely selfish and monetary reasons, causing the Ward great

emotional distress, humiliation and intimidation.

24. Finally, the semi-annual earnings due this March 2019 to Ward from Center Point Apartments have recently been withheld by Jeffrey and Michael as executors to the father's estate and managers of Ward's assets and of Ward's property interests in the family business out of state, intimidating Ward through the deprivation of financial support. The income from this rental property constitutes approximately 70% of Ward's annual income, and for the month of March is estimated to be $140,000.

## COUNT I. ABUSE AND EXPLOITATION OF THE ELDERLY

COMES NOW the Plaintiff, through undersigned counsel, and re-adopts the factual and jurisdictional statement in the Paragraphs 1- 24 as though fully set forth herein and further states:

25. This is an action for damages, attorney's fees and costs pursuant to Florida Statutes § 415.1111.

26. Florida law provides a civil remedy under § 415.111, Fla. Stat., for "exploited" and "vulnerable" adults. Chapter 415 identifies "exploitation" at § 415.102(8) to include breach of fiduciary duty, unauthorized taking of personal assets, and misappropriation or misuse of money, or intentional failure to effectively use a vulnerable adult's income and assets for the necessities required for that person's support and maintenance.

27. A "vulnerable adult" is defined at § 415.102(27) as someone infirm or impaired due to age.

28. Ward is a "vulnerable adult" as defined under Florida law, as she is a person who is unable to perform the normal activities of daily living due to the infirmities of age and Adult Children have exploited Ward for their own benefit and gain.

29. Adult Children stood in a position of confidence with Ward, a vulnerable adult, being an elderly person unable to perform the normal activities of daily living due to the infirmities of age.

30. "Abuse" includes any willful act by a relative which causes or is likely to cause significant impairment to a vulnerable adult's physical, mental, or emotional health. Abuse includes acts and omissions.

31. Four Adult Children knowingly, through exploitation, abuse and intimidation, obtained or conspired to obtain Ward's funds, her possessions, assets or property with the intent to temporarily or permanently depriving Ward of the use of the use, benefit, or possession of the funds, assets, or property for the benefit of themselves. The material facts include, but are not limited to, the denied funds for Ward's living expenses from her late husband's estate due to the refusal of the executors of the Estate to reimburse Guardian, the costs inured to Plaintiff when attempting to obtain her apartment and independence from guardianship estimated to be in excess of $350,000, her Adult Children denying her the value of the partitioned property and liquid assets of the out of state business and other assets that was worth over $250,000, the theft of multiple personal items Adult Children converted for themselves estimated at a value of approximately $300,000, as well as the mental anguish caused by denying her an apartment and endeavoring to maintain limitations on her rights through guardianship until her rights were fully restored, and the failure to provide her with the semi-annual earnings due ward from the Center Point Apartments which constitute 70% of Ward's annual earnings and is estimated to be worth $140,000.

32. Ward has been damaged by Adult Children's violations of Florida Chapter 415.

33. The remedies available under § 415.1111, Fla. Stat., include actual damages, punitive damages, and attorney's fees and costs.

34. Plaintiff has retained the undersigned attorneys to represent her in this action and is obligated to pay reasonable fees for their services.

WHEREFORE, Plaintiff requests that this Court enter an Order the terms of which will find all Four Adult Children Michael Zidell, Jeffrey S. Zidell, Lisa H. Zidell and Hollye I. Zidell liable for actual damages for their roles in exploiting and abusing Ward, a vulnerable adult, award Plaintiff actual damages, attorney's fees and costs, interest, and any other relief that this Court finds reasonable under the circumstances, including the award of punitive damages, which the Plaintiff reserves the right to seek after filing the appropriate motion. *The Plaintiff requests a trial by jury and injunctive relief as allowed under Florida law.*

### COUNT II. CIVIL REMEDY ON BEHALF OF JOYCE ZIDELL FOR EXPLOITATION OF AN ELDERLY PERSON

COMES NOW the Plaintiff Joyce Zidell, through undersigned counsel, and re-adopts the factual and jurisdictional statement in the Paragraphs 1-34 as though fully set forth herein and further states:

35. FLORID STATUTES 825.103 Exploitation of the Elderly makes it unlawful for a person in a position of trust and confidence with an elderly person to:

> **(a) Obtain[e] or us[e], endeavor[e] to obtain or use, or conspiring with another to obtain or use an elderly person's … funds, assets, or property with the interests of temporarily or permanently depriv[ing] the elderly person … of the use, benefit, or possession of the funds, assets, or property …**

36. Section 772.11, Florida Statutes, created a private right of action for the exploitation of an elderly person through endeavoring to use an elderly person's funds, assets or property with the intent of temporarily or permanently deprive the elderly person of the use, benefit, or possession of the funds, assets, property.

37. Plaintiff is an "elderly person" as defined in Florida Statute §825.101(4), as an individual who is suffering from the infirmities of aging to the extent that the ability of Ward to provide for

her own care and protection is impaired.

38. All Four Ault Children "obtained or used" Ward's assets as defined in Florida Statute §825.101(9) when they exercised control over her property, making any use, disposition, or transfer of property.

39. All Adult Children were in a position of trust and confidence by the very nature of their being Ward's adult children. Florida Statute §825.101(10)(a). Additionally Michael and Jeffrey are executors of the Estate and managers of Ward's assets in the family business. Further, pursuant to Fla. Stat. § 415 Defendant Four Adult Children were in a fiduciary relationship with Plaintiff due to the fact that they were in a relationship based on trust and confidence of the vulnerable adult in the relative entrusted with the use or management of the property or assets of the vulnerable adult. A fiduciary relationship explicitly includes those who are conservators of a vulnerable adult's assets or property.

40. At all times material hereto, Defendants exploited their positions of trust and confidence of the frail, elderly Plaintiff when Adult Children willfully, wantonly, deliberately, intentionally, and in reckless disregard of Plaintiff's wellbeing inflicted both financial and psychological injury upon Plaintiff, an elderly adult, that such acts could reasonably be expected to result in psychological injury to Plaintiff.

41. They did this by; arbitrarily cutting off payments to Ward from her own assets and property intimidating Ward through the deprivation of shelter and financial support, refusing to allow Ward's rights to independence to be restored twice, by twice refusing to allow Ward to purchase a condominium and forcing Ward to remain in assisted living, by failing to partition the Plaintiff's assets and property out of state as eventually mandated by court order, by gifting away certain assets of Ward, by converting various valuable personal items of Plaintiff for their own use and

intimidating Ward and depriving her of her own money by denying her the financial support she is due from her rental properties at Center Point apartments.

42. Moreover, Four Adult Children, through Michael, also filed a false elder abuse complaint in January 2019 with the Florida State Attorney about the purported actions of her then Guardian which caused great embarrassment to Ward. Finally, Adult Child Jeffrey wrote a nasty and evil letter to Ward regarding her inferior role as mother and Four Adult Children through Michael filed a false report with the Elder Abuse Department regarding alleged actions taken by her Guardian, which was dismissed.

43. Plaintiffs have served a written demand pursuant to Fla. Stat. 772.11 against all Defendants providing notice of this claim, Defendants had 30 days to consider such an offer prior to this Complaint being filed and all conditions precedent have occurred and/or been waived.

44. As a result, pursuant to Fla. Stat. Sections 772.11 and 825.103(1), the aforesaid intentional acts of Four Adult Children entitle Plaintiff to treble damages and attorney's fees and costs.

WHEREFORE Plaintiff Ward demands judgment against Defendants Four Adult Children Michael Zidell, Jeffrey S. Zidell, Lisa H. Zidell and Hollye I. Zidell for compensatory and consequential damages, treble damages, interest, attorney's fees, costs and all other damages recoverable under the laws of the State of Florida *and a trial by jury for all issues so triable as a matter of right.*

## COUNT III. BREACH OF FIDUCIARY DUTY

COMES NOW the Plaintiff, through undersigned counsel, and re-adopts the factual and jurisdictional statement in the Paragraphs 1-44 and as though fully set forth herein and further states:

45. This is an action for breach of fiduciary duty pursuant to Fla. Civil Practice and procedure

Chap. 78, where a fiduciary duty was owed by Jeffrey and Michael who had the trust and confidence of a vulnerable parent and were entrusted Adult Children with the management of Ward's property and assets as executors of deceased husband's estate. Michael and Jeffrey were entrusted with the management of the Ward's deceased husband's estate as executors of his will, and had a fiduciary duty to Ward, their mother, to provide her with the resources necessary for her comfort and care and as such had a responsibility to manage and protect Ward's property and assets for Ward's person.

46. The two adult Children, Michael and Jeffrey, further had a duty to manage Ward's property interests in the out of state family business for the relevant time frame and not to deny Ward the funds necessary for her comfort and care, let alone threaten Ward through the refusal to provide financial support or earnings from Center Point Apartment asset and oppose Ward's legal actions to restore her legal rights to her independence and to purchase a condominium at a cost of more than $300,000 to Ward in legal fees and ongoing costs.

47. The two sons' fiduciary duty was breached when they failed to reimburse Guardian, forced Ward to commit resources to pay legal battles for permission to purchase a condominium and to have Ward's rights restored, they stole Ward's fine China, Lladro, Porcelain, silver serving ware and Steuben glassware with an estimated value of approximately $300,000, when Adult Child Michael gifted Ward's 3% interest in a business corporation worth over $250,000 and finally when Jeffrey and Michael refused to provide Ward with the earnings from the Center Point Apartments in March 2019 denying her of $140,000. These actions forced Ward to secure financing for her condominium purchase unnecessarily incurring finance charges and other expenses and to use the Guardian's resources to make said purchase which caused Ward great distress and embarrassment.

48. Ward suffered damages as a result of this breach of fiduciary duty, suffering both emotional

anguish and monetary losses.

WHEREFORE Plaintiff Ward demands judgment against Defendants Jeffrey and Michael for actual and consequential damages, interest, attorney's fees, costs and all other damages recoverable under the laws of the State of Florida *and a trial by jury for all issues so triable as of right.*

## COUNT IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

COMES NOW the Plaintiff, through undersigned counsel, and re-adopts the factual and jurisdictional statement in the Paragraphs 1-48 as though fully set forth herein and further states:

49. In this instance there was deliberate or reckless infliction of mental suffering through the Adult Children's intimidation through their refusal to reimburse funds due to the Guardian necessary for Ward's care and comfort, the instigation and financing of litigation to prevent Ward regaining her independence rights twice and to deny her the right to purchase a condominium twice, by attempting to videotape and record her without her permission and contrary to Florida law, by gifting away her interests in a business corporation, by stealing certain of her valuable possessions and refusing to return them, by sending her a nasty and cruel letter informing her that that she was inferior as a mother, by falsely accusing the Guardian of inappropriate behavior towards Ward, and by denying Ward the income she is owed as a result of the semi-annual earnings at the property at Center Point Apartments through this March 2019. It is apparent that Defendants acted with the intent to cause severe emotional distress or with reckless disregard of the high probability of causing severe emotional distress.

50. This activity amounts to outrageous conduct when it is taken into consideration that the four Adult Children Defendants had not visited their mother for many years, perpetrated these activities soon after their father, and the Ward's husband, had passed away, and are motivated by

a conspiracy to deny their mother access to her assets so as to achieve a higher value for the Adult Children once she passes away. This behavior, under the circumstances, goes beyond all possible bounds of decency should be regarded as shocking, atrocious, and utterly intolerable in a civilized community.

51. The Ward has admitted to having suffered severe emotional distress as a result of these actions, especially for the lengthy term she was unable to recover her rights due to the legal action taken by the four Adult Children. This prevented her from moving from an assisted living facility into her own condominium until she went to the courts twice against counsel retained by the Adult Children.

52. Moreover, severe emotional distress was caused to Ward given the Ward's age and infirmities, the fact that the exploitation was perpetuated by members of her own family who owed her good faith and due regard to the interests of a vulnerable adult, as well as by the very people that were entrusted with the trust and confidence to oversee the use and management of her assets and properties while she was under Guardianship and who then turned against Ward for their own benefit causing her severe emotional distress and anxiety.

WHEREFORE Plaintiff Ward demands judgment against Defendants Adult Children Micheal Zidell, Jeffrey S. Zidell, Lisa H. Zidell and Hollye I. Zidell for actual and consequential damages, interest, attorney's fees, costs and all other damages recoverable under the laws of the State of Florida *and a trial by jury for all issues so triable as of right.*

## COUNT V. UNJUST ENRICHMENT

COMES NOW the Plaintiff, through undersigned counsel, and re-adopts the factual and jurisdictional statement in the Paragraphs 1- 52 as though fully set forth herein and further states:

53. Ward conferred a benefit upon Defendants Adult Children, as executors of their father's estate, by virtue of their having possession of the funds they denied Ward and by misappropriating assets from her possession and keeping them themselves, as detailed in this Complaint. Specifically the retention of funds and assets that belonged to Ward increased the trust amounts available to the Defendants Adult Children upon her becoming deceased and directly enhanced the value of Defendants Adult Children at the expense of Ward.

54. Defendants Adult Children knew the property owing to Ward was valuable.

55. Defendants Adult Children have retained profits or other benefits conferred on them by denying Ward her property and assets and by the taking and of items from her home.

56. It would be inequitable for Defendants Adult Children to retain the benefits conferred upon them by seizing Ward's assets and property without paying fair value for the items.

WHEREFORE Plaintiff Ward demands judgment against Defendants Adult Children Micheal Zidell, Jeffrey S. Zidell, Lisa H. Zidell and Hollye I. Zidell for actual and consequential damages, interest, attorney's fees, costs and all other damages recoverable under the laws of the State of Florida *and a trial by jury for all issues so triable as of right.*

## COUNT VI. UNLAWFUL CONVERSION

COMES NOW the Plaintiff, through undersigned counsel, and re-adopts the factual and jurisdictional statement in the Paragraphs 1- 56 as though fully set forth herein and further states:

57. Plaintiff Ward has been the victim of an unauthorized act which deprived her of personal property for an indefinite time interfering with her legal rights of ownership such as the right to possession.

58. Here, Ward's personal property has been wrongfully detained by all Four Adult Children; first, the withholding of the income owed to her Guardian for living expenses, second, the gifting

of the 3% interest in the corporate interest, third, the theft of the various personal items including fine China and silver place settings and fourth, and finally, the withholding and retention of Ward's earnings from the Center Point Apartments through this March 2019.

59. As a result compensation may be obtained due to Ward's property and assets being wrongly converted and continuing to be withheld from Ward.

WHEREFORE Plaintiff Ward demands judgment against Defendants Adult Children Michael Zidell, Jeffrey S. Zidell, Lisa H. Zidell and Hollye I. Zidell for actual and consequential damages for loss, interest, attorney's fees, costs and all other damages recoverable under the laws of the State of Florida *and a trial by jury for all issues so triable as of right.*

## COUNT VII. VIOLATION OF PRIVACY

COMES NOW the Plaintiff, through undersigned counsel, and re-adopts the factual and jurisdictional statement in the Paragraphs 1- 64 as though fully set forth herein and further states:

60. Plaintiff brings this action for civil remedies pursuant to section 934.10, Florida Statutes (1989), alleging that Defendants violated section 934.03, Florida Statutes (1989), making it unlawful to intercept and disclose oral communications without the prior consent of the parties.

61. On or about March 2018 Adult Children came to Miami in relation to the probate litigation at that time and visited Ward after a long period of time in order to try and remove her Guardian and convince her to move to Texas and allow them to be co-guardians. Adult Children secretly videotaped and recorded Ward while trying to get her to state that she wanted to move out of Miami and that she wanted to be the ward of Adult Children.

62. All recording were against Ward's wishes and without her permission.

63. Ward informed them, when she discovered their plot, that she had no wish to be recorded and that did not give her permission for any such recording.

64. As such Defendants are in violation of the referenced statute and have caused Ward great mental anguish and anxiety.

WHEREFORE Plaintiff Ward demands judgment against Defendants Adult Children Micheal Zidell, Jeffrey S. Zidell, Lisa H. Zidell and Hollye I. Zidell for actual damages, punitive damages, interest, attorney's fees, costs and all other damages recoverable under the laws of the State of Florida *and a trial by jury for all issues so triable as of right.*

### COUNT VIII. CIVIL REMEDY ON BEHALF OF JAMIE H. ZIDELL FOR EXPLOITATION OF AN ELDERLY PERSON

COMES NOW the Plaintiff Jamie H. Zidell, individually, through undersigned counsel, and re-adopts the factual and jurisdictional statement in the Paragraphs 1-34 as though fully set forth herein and further states:

65. FLORID STATUTES 825.103 Exploitation of the Elderly makes it unlawful for a person in a position of trust and confidence with an elderly person to:

> **(b) Obtain[e] or us[e], endeavor[e] to obtain or use, or conspiring with another to obtain or use an elderly person's … funds, assets, or property with the interests of temporarily or permanently depriv[ing] the elderly person … of the use, benefit, or possession of the funds, assets, or property …**

66. Section 772.11, Florida Statutes, created a private right of action for the exploitation of an elderly person by any person injured through endeavoring to use an elderly person's funds, assets or property with the intent of temporarily or permanently deprive the elderly person of the use, benefit, or possession of the funds, assets, property.

67. Ward is an "elderly person" as defined in Florida Statute §825.101(4), as an individual who is suffering from the infirmities of aging to the extent that the ability of Ward to provide for her own care and protection is impaired.

68. All Four Ault Children "obtained or used" Ward's assets as defined in Florida Statute

§825.101(9) when they exercised control over her property, making any use, disposition, or transfer of property.

69. All Adult Children were in a position of trust and confidence by the very nature of their being Ward's adult children. Florida Statute §825.101(10)(a). Additionally, Michael and Jeffrey are executors of the Estate and managers of Ward's assets in the family business. Further, pursuant to Fla. Stat. § 415 Defendant Four Adult Children were in a fiduciary relationship with Plaintiff due to the fact that they were in a relationship based on trust and confidence of the vulnerable adult in the relative entrusted with the use or management of the property or assets of the vulnerable adult. A fiduciary relationship explicitly includes those who are conservators of a vulnerable adult's assets or property.

70. At all times material hereto, Defendants exploited their positions of trust and confidence of the frail, elderly Plaintiff when Adult Children willfully, wantonly, deliberately, intentionally, and in reckless disregard of Plaintiff's wellbeing inflicted both financial and psychological injury upon Plaintiff, an elderly adult, that such acts could reasonably be expected to result in psychological injury to Plaintiff.

71. They did this by; arbitrarily cutting off payments to Ward from her own assets and property intimidating Ward through the deprivation of shelter and financial support, refusing to allow Ward's rights to independence to be restored twice, by twice refusing to allow Ward to purchase a condominium and forcing Ward to remain in assisted living, by failing to partition the Plaintiff's assets and property out of state as eventually mandated by court order, by gifting away certain assets of Ward, by converting various valuable personal items of Plaintiff for their own use and intimidating Ward and depriving her of her own money by denying her the financial support she is due from her rental properties at Center Point apartments.

72. Moreover, Four Adult Children, through Michael, also filed a false elder abuse complaint in January 2019 with the Florida State Attorney about the purported actions of her then Guardian which caused great embarrassment to Ward. Finally, Adult Child Jeffrey wrote a nasty and evil letter to Ward regarding her inferior role as mother and Four Adult Children through Michael filed a false report with the Elder Abuse Department regarding alleged actions taken by her Guardian, which was dismissed.

73. Plaintiffs have served a written demand pursuant to Fla. Stat. 772.11 against all Defendants providing notice of this claim, Defendants had 30 days to consider such an offer prior to this Complaint being filed and all conditions precedent have occurred and/or been waived.

73. As a direct and proximate result of Defendants actions and omissions as described herein, Plaintiff Jamie H. Zidell has been required to expend and advance considerable sums of money for Ward's health, safety and welfare including purchases essential for her routine and ordinary activities of daily living, all with the Defendants' actual knowledge.

74. As a result, pursuant to Fla. Stat. Sections 772.11 and 825.103(1), the aforesaid intentional acts of Four Adult Children entitle Plaintiff Jamie H. Zidell to treble damages and attorney's fees and costs.

WHEREFORE Plaintiff Jamie H. Zidell demands judgment against Defendants Four Adult Children Michael Zidell, Jeffrey S. Zidell, Lisa H. Zidell and Hollye I. Zidell for compensatory and consequential damages, treble damages, interest, attorney's fees, costs and all other damages recoverable under the laws of the State of Florida *and a trial by jury for all issues so triable as a matter of right.*

Dated: May 30, 2019

Respectfully Submitted,

**KAPLAN & MILLER, P.A.**
*Attorneys for Plaintiffs*
999 Ponce de Leon Boulevard
Suite 555
Coral Gables, Florida 33134
Tel: (305) 445-2727
Fax: (786)422-1625

By: /s/ Eli Kaplan
Eli Kaplan Esq.
Florida Bar Number 472417
ekaplan@kaplanandmiller.com
igarcia@kaplanandmiller.com